UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES M. PRICE,

    Plaintiff,

v.                                             Case No.: 8:24-cv-314-WFJ-LSG

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

The plaintiff Charles M. Price challenged the Commissioner of Social Security's decision to deny him benefits under Title II and Title XVI of the Social Security Act. Doc. 1. Shortly after Price filed his opening brief, the Commissioner moved unopposed to remand this action under sentence four of 42 U.S.C. § 405(g). Doc. 22. An order granted that motion, and the Clerk entered a judgement in favor of Price and against the Commissioner. Docs. 23-25. Price moves for an award of fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (the "EAJA"). Doc. 27. The Commissioner concedes Price's entitlement to fees but disputes the amount and requests a deduction of 5.1 hours of attorney time and .4 hours of paralegal time. Doc. 29. Based on my findings below, I recommend granting in part the motion for attorney's fees and awarding $8,408.16 to Price under the EAJA. Doc. 27.

I.   DISCUSSION

The EAJA permits an award of "fees and other expenses" incurred by the prevailing party in certain civil actions against the United States unless the position of the United States was substantially justified or "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A "party" means "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B). Here, Price is the prevailing party because of the judgment entered against the Commissioner. Doc. 25; *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a party who wins a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party), *superseded by rule on other grounds*, Fed. R. Civ. P. 58(c)(2)(B). As demonstrated by his motion to proceed *in forma pauperis*, Doc. 2, Price qualifies as a "party" based on his net worth at the time of filing. Price argues and the Commissioner effectively concedes that neither a substantial justification nor a special circumstance warrant denying the request for fees. Docs. 27, 29. Rather, the Commissioner challenges the lack of "billing judgment" by Price's counsel,[1] who failed to exclude from the request time spent on "clerical tasks, redundant tasks, and time attributed to requesting an extension of time, which are not compensable at any rate under the EAJA." Doc. 29 at 2-3.

"The most useful starting point for determining the amount of a reasonable fee

---

[1] The Commissioner challenges only the reasonableness of the hours expended and not the hourly rates of $244.52 for the attorneys and $100 for the paralegal, which appear reasonable. *See* Doc. 27 at 15-17 (explaining that the EAJA statutory cap of $125 receives an adjustment for cost-of-living increases).

is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Counsel must endeavor to "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434. This means using "billing judgment" to remove from the fee application hours that the party would not charge a paying client. *Am. C.L. Union of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999); *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1306 (11th Cir. 1988).

"'The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees[.]'" *Norman*, 836 F.2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)). Thus, whether to exclude from an award of fees time billed for "excessive or unnecessary work" is within the discretion of the district court. *Norman*, 836 F.2d at 1301.

### A. Fees for clerical tasks.

"[A] fee applicant is not entitled to compensation at an attorney's rate simply because an attorney undertook tasks which were mundane, clerical or which did not require the full exercise of an attorney's education and judgment." *Norman*, 836 F.2d at 1306. These expenses are "subsumed in the rates already charged by lawyers" and are unwarranted whether charged at an attorney or a paralegal rate. *Jones v. Kijakazi*, No. 8:22-CV-172-AEP, 2023 WL 4591934, at *2 (M.D. Fla. July 18, 2023); *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989). Clerical tasks are those that "do not require

counsel's use of her legal skills." *Ward v. Astrue*, No. 3:11-CV-523-J-TEM, 2012 WL 1820578, at *3 (M.D. Fla. May 18, 2012).

Here, I find some tasks reasonably described as "clerical" in Price's fee application but not to the extent argued by the Commissioner. The following tasks appear "clerical" and therefore not compensable under the EAJA:

| Date | Description | Time | Biller |
|---|---|---|---|
| 1/22/24 | Annotate file for appropriate deadline filing (0.1) | .1 | Adriana M. de la Torre |
| 2/1/24 | File Complaint and other initiating documents (0.3 hours), prepare correspondence to Client confirming (0.1 hours) | .4 | Paralegal |
| | **Total reduction for clerical tasks** | .5 hours | |

Doc. 27 at 6, 11.

Otherwise, the tasks appear appropriate to the role and function of an attorney. Much of the time challenged as "clerical" by the Commissioner involves Price's attorneys reviewing the docket entries in the case. For example, attorney Palacios-Moreno spent approximately eighteen minutes reviewing the first nine docket entries and subsequently reviewed five more docket entries (including an order on the Court's briefing requirements) before reviewing the administrative record. Doc. 27 at 10. Palacios-Moreno then spent approximately twenty-six hours reviewing an 864-page administrative record and drafting an appellate brief that resulted in the Commissioner's promptly conceding the case.

The Commissioner urges a finding that this time is not compensable. Doc. 29 at 5-6. Although the Commissioner finds support in persuasive authority, the notion

that "clerical" work includes an attorney's remaining informed of events in the case is flawed. The Court certainly expects an attorney (and not just her legal assistant) to carefully review each item filed in the case, including the Court's scheduling order. A paying client would have the same expectation. This task is not "subsumed" in the hourly rate like the filing of a document or the collating of exhibits. This is the separate, independent, and necessary work of an attorney to remain competent and informed in the case. An attorney should receive modest compensation for this task, which is all that Price's attorneys request here.

Similarly, the Commissioner challenges as "clerical" time spent preparing and reviewing correspondence. Doc. 29 at 5-6. Although a legal assistant can (to some extent) "prepare correspondence" for an attorney, this task is neither obviously nor purely clerical. Neither is the task something that requires no use of legal skills.

### B. Fees for redundant or duplicative tasks.

The Commissioner challenges "redundant or duplicate" time spent by the plaintiff's two attorneys. Doc. 26 at 8-9. That work primarily consists of reviewing and analyzing an 864-page administrative record, analyzing the ALJ's decision, and preparing a memorandum challenging that decision. Doc. 26 at 8-9. The time associated with these entries appears reasonable given the volume of work presented by an 864-page administrative record. Two attorneys analyzed nearly a thousand pages for fewer than two hours. One attorney spent additional time reviewing that record, as well as drafting and finalizing an appellate brief. Although the descriptions lack precision, I find no clear redundancy or duplication given the volume of work

required to analyze the record and prepare the brief. *Norman*, 836 F.2d at 1302 (explaining that "[t]here is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer."). Here, the descriptions reveal sufficiently distinct work performed by each attorney to analyze and distill the appellate issues in an 864-page record.

Although not duplicative, attorney Adriana M. de la Torre appears to count among her hours work belonging to her paralegal:

| Date | Description | Time | Biller |
|---|---|---|---|
| 1/22/24 | Conference with Client to review income information and possible in forma pauperis motion, transfer to AMD for engagement call. | .4 | Adriana M. de la Torre |
| 2/02/24 | Conference with the Client regarding IFP. | .2 | Paralegal |

Doc. 27 at 6. The January conference occurred before the filing of this action, and the February conference occurred on the same day as the order granting IFP status. Docs. 1, 7. Thus, these are separate events. However, the "transfer to AMD" language suggests that the first entry belongs to the paralegal and not Adriana M. de la Torre ("AMD"). Accordingly, because the time appears to belong to the paralegal, the attorney's time for this task should be reduced to the paralegal rate of $100.

### C. Time spent on extensions of time.

Here, Price sought two extensions of time—one for twenty-one days and another for three days. Docs. 17, 19. The fee application seeks two-tenths of an hour

for the work required to confer with the Commissioner and to prepare and review each motion. Doc. 27 at 7. The Commissioner challenges time spent by Price's attorneys "asking for an extension necessitated by events beyond the Commissioner's control." Doc. 29 at 7-8. The Commissioner relies on *Nelson v. Colvin*, No. 8:18-cv-2297-EAK-MAP, 2015 WL 5867439, at *1 (M.D. Fla. Oct. 5, 2015), which finds that such motions are "not compensable" because they are "for the benefit and convenience" of the requesting party and "beyond the control, and at no fault, of" the Commissioner. Doc. 29 at 7.

    The prevailing standard is whether the time is reasonable and not excessive, redundant, or otherwise unnecessary. *Hensley*, 461 U.S. at 434. Here, the time spent by Price's attorneys on the extension motions—a grand total of twelve minutes for each—is not excessive. Nor is the time redundant or unnecessary. The brief extensions sought by Price on two separate occasions were necessary to provide his attorneys the time to compile an opening brief, which resulted in an appellate victory for Price. Although Section 2412(d)(1)(C) permits reducing an award "to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy," an enlargement amounting to a total of twenty-four days neither unduly nor unreasonably protracted the litigation. Furthermore, "[e]xtensions of time are regularly requested and granted in social security cases . . . , in favor of both the Commissioner and the plaintiff-claimant." *Samuel v. Barnhart*, 316 F. Supp. 2d 768, 779–80 (E.D. Wis. 2004). An attorney would be well within the norm to charge

a paying client a modest fee for seeking an extension of a filing deadline. Accordingly, I find no error in Price's seeking those fees from the Commissioner under the EAJA.

## II. CONCLUSION

Accordingly, I recommend an order granting in part Price's motion for attorney's fees under the EAJA. Doc. 27. Based on the analysis above, the total award should be **$8,408.16**, which is 33.8 hours for attorney time and 1.4 hours of paralegal time. The order should direct that, unless the Department of Treasury determines that Price owes a federal debt, the defendant must pay the fees to Price's counsel in accord with Price's assignment of fees. *See* Doc. 27-1.[2]

**REPORTED** on this 24th day of January, 2025.

_____
LINDSAY S. GRIFFIN
United States Magistrate Judge

---

[2] After an order awarding EAJA fees, the United States Department of the Treasury determines whether the prevailing party owes a debt to the government. *See Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010) ("A § 2412(d)(1)(A) attorney's fees award is payable to the litigant and is therefore subject to an offset to satisfy the litigant's pre-existing debt to the Government.").

- 9 -

## NOTICE TO PARTIES

A party has fourteen days from the day of service of this report either to file written objections to the proposed findings and recommendation or to seek an extension of the fourteen-day deadline. 28 U.S.C. § 636(b)(1)(C). Under Eleventh Circuit Rule 3-1, a party failing to object to a magistrate judge's findings or recommendations "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).  If the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.